**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**RONALD JENKINS,** also known as **FRED JENKINS,**

                    **Plaintiff,**          9:08-cv-45
                                                  (GLS/RFT)

                      v.

**BRIAN FISCHER,** New York State Department of Correctional Services Commisoner, Individually and in his official capacity; **LAWRENCE SEARS,** Former Superintendent, Franklin Correctional Facility, Individually and in his official capacity; and **DUTIL,** individually and in his official capacity,

                    **Defendants.**

_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Ronald Jenkins
Pro Se
45-51 Ave. D
New York, NY 10009

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     MEGAN M. BROWN, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se plaintiff Ronald Jenkins, also known as Fred Jenkins, a former inmate at Franklin Correctional Facility, brings this action under 42 U.S.C. § 1983 alleging that defendants Brian Fischer, Lawrence Sears, and Dutil violated his Eighth Amendment rights.  (*See* Am. Compl., Dkt. No. 34.) Specifically, while incarcerated at Franklin, Jenkins allegedly fell and injured himself while attempting to descend from the top bunk in the double-bunked cell or "cubicle" to which he was assigned.  (*Id.* at ¶ 14.)  To descend from a top bunk, inmates "typically climb[] from the top bunk bed to [an] adjacent large locker (approximately 17" away) and then, from the locker ... onto the seat of [a] chair (approximately 24" away)."  (R&R at 3, Dkt. No. 3.)  Jenkins claims that defendants are responsible for his injuries, alleging that they violated his Eighth Amendment right to reasonably safe living conditions by failing to provide an alternate, safer means of ascending to and descending from the top bunk.  (*See* Am. Compl. ¶¶ 22-32, Dkt. No. 1.)

In a Report-Recommendation and Order (R&R) filed September 8, 2010, Magistrate Judge Randolph F. Treece recommended that

2

defendants' motion for summary judgment be granted and Jenkins's complaint be dismissed.[1] (Dkt. No. 59.) Pending are Jenkins's timely objections to the R&R. (Dkt. No. 60.) For the reasons that follow, the R&R is adopted and defendants' motion for summary judgment is granted.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

## III. Discussion

### A. Declaratory and Injunctive Relief and Official Capacity Claims

In light of Jenkins's release from prison in March 2009, Judge Treece

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

3

recommended the dismissal of Jenkins's complaint as moot to the extent it seeks injunctive and declaratory relief. (R&R at 6-7, Dkt. No. 59 (citing, inter alia, *Hallett v. N.Y. State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) (explaining that a plaintiff's release from DOCS custody renders moot his claims for injunctive and declaratory relief)).) Judge Treece further recommended that Jenkins's claims for damages against defendants in their official capacities be dismissed on the basis of Eleventh Amendment Immunity. (*Id.* at 8 (citing, inter alia, *Rourke v. N.Y. State Dep't of Corr. Servs.*, 915 F. Supp. 525, 539 (N.D.N.Y. 1995) ("To the extent a state official is sued for damages in his or her official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the [E]leventh [A]mendment immunity belonging to the state." (citations omitted))).)

In the absence of any discernable objections to these recommendations, the court has reviewed them for clear error and finds none. Accordingly, the court dismisses Jenkins's official capacity claims and those claims seeking declaratory and injunctive relief.

**B.   Qualified Immunity**

In recommending the dismissal of Jenkins's remaining Eighth

4

Amendment personal capacity claims, Judge Treece found that defendants were entitled to qualified immunity, explaining that "while it is clearly established that prisoners have the right to detention in reasonably safe prisons, it is not clearly established that the absence of ladders in double-bunked cells violated such rights nor that a reasonable officer would believe that his actions violate clearly established constitutional rights." (R&R at 14, Dkt. No. 59.)  Jenkins now objects to that conclusion, arguing that defendants are not entitled to qualified immunity.  (*See* Pl. Objections at 2-5, Dkt. No. 60.)  Having reviewed this issue de novo, the court concurs with Judge Treece's conclusion that defendants are entitled to qualified immunity.  Specifically, as highlighted by "the conspicuous divergence of opinions" discussed in the R&R relating to the constitutionality of ladderless top bunks, (R&R at 10-13, Dkt. No. 59), it is not clearly established that defendants' conduct in not providing an alternative means of access to and from the top bunk would violate Jenkins's Eighth Amendment rights, or that a reasonable officer would believe that such conduct would violate clearly established rights.  Accordingly, the court adopts Judge Treece's recommendation that Jenkins's remaining Eighth Amendment claims should be dismissed on qualified immunity grounds.

5

### C. Alternative Basis for Dismissal

Finally, having adopted Judge Treece's recommendation to grant defendants' motion for summary judgment for the reasons discussed above, the court rejects as moot Jenkins's remaining objections relating to the R&R's alternative analysis of Jenkins's claims on the merits. (*See* R&R at 14-20, Dkt. No. 59.)

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's September 8, 2010 Report-Recommendation and Order (Dkt. No. 59) is **ADOPTED**; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED** and Jenkins's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 17, 2011
Albany, New York

*Gary L. Sharpe*
U.S. District Judge